**Mirian Imelda Salguero ESCOBAR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–72679.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Estela Richeda, Law Offices of Estela S. Richeda, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Gov, DOJ—U.S. Department of Justice Civil Div./Office of Immigration, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Mirian Imelda Salguero Escobar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' summary affirmance of the immigration judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Assuming petitioner established past persecution for asylum eligibility, substantial evidence supports the IJ's determination that the government rebutted any presumption of future persecution. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003); *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). Accordingly, she failed to establish eligibility for asylum.

Because petitioner failed to establish eligibility for asylum, she necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

The IJ properly denied relief under CAT because petitioner failed to demonstrate that it is more likely than not that she will be tortured if removed to Guatemala. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal

---

and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.